UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRADO SOTO HINOJOSA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:04-cr-05278-DAD<br><br><u>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL TO PURSUE RELIEF UNDER 18 U.S.C. § 3582(C)(2) WITHOUT PREJUDICE</u><br><br>(Doc. Nos. 412) |

On July 20, 2007, petitioner was sentenced by the then-assigned district judge to a 210-month term of imprisonment pursuant to his plea of guilty to conspiracy to manufacture, distribute and possess methamphetamine with the intent to distribute. (Doc. No. 345.) That sentence was thereafter affirmed on appeal. (Doc. No. 368.)[1]

On November 5, 2018, petitioner Hinojosa filed with the court on his own behalf a document styled as a "Motion To Appointment of Counsel In Light of The Retroactive Holding In *Hughes v. United States*, 138 S. Ct. 1765." (Doc. No. 412.) In that brief and difficult to decipher pro se filing petitioner alleges that he believes "he was sentenced into a "type-C" Agreement pursuant to Rule 11(c)(1)(C, then based on the recent Supreme Court's holding in

---

[1] The court notes that it appears from the docket that petitioner entered his plea of guilty on the day set for the commencement of his jury trial and that no WRITTEN plea agreement appears on the docket. (See Doc. Nos. 224, 271.)

1

Hughes . . . which has been ruled . . . to apply retroactively under §3582(c)(2)[2]," he therefore seeks appointment of counsel. Petitioner's motion for appointment of counsel will be denied without prejudice.

In the decision referred to by petitioner the Supreme Court stated as follows:

> The controlling issue here is whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C). This kind of plea agreement is sometimes referred to as a "Type–C agreement."
>
> In a Type–C agreement the Government and a defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," and "such a recommendation or request binds the court once the court accepts the plea agreement." Rule 11(c)(1)(C). When the Government and a defendant enter a Type–C agreement, the district court has three choices: It "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Rule 11(c)(3)(A). If the court rejects the agreement, the defendant may withdraw his guilty plea. Rule 11(c)(5)(B).
>
> * * *
>
> In this case the District Court accepted Hughes' Type–C agreement after concluding that a 180–month sentence was consistent with the Sentencing Guidelines. App. to Pet. for Cert. 33a. The court then calculated Hughes' sentencing range and imposed a sentence that the court deemed "compatible" with the Guidelines. Id., at 36a, 47a. Thus, the sentencing range was a basis for the sentence that the District Court imposed. That range has "subsequently been lowered by the Sentencing Commission," so Hughes is eligible for relief under § 3582(c)(2). The Court expresses no view as to whether the District Court should exercise its discretion to reduce Hughes'

---

[2] Title 18 § 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

2

sentence after considering the § 3553(a) factors and the Commission's relevant policy.

*Hughes v. United States*, ___U.S.___, 138 S. Ct. 1765, 1773, 1778 (2018).

Petitioner appears to be clearly mistaken in his belief that his plea of guilty was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure. Rather, as noted above, no written plea agreement was entered on the docket at the time of his guilty plea in 2006. Moreover, a review of the docket reflects that far from entering "a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)" (*Hughes*, 138 S. Ct. at 1773), the parties in petitioner's case disagreed over both the sentencing guideline calculation and the sentence to be imposed. (*See* Doc. Nos. 330, 333, 334.) Indeed, as also noted above, petitioner appealed the court's sentencing guideline calculation as well as the sentence imposed in his case, albeit unsuccessfully. (See Doc. No. 368.) The Supreme Court's decision in *Hughes* would therefore appear to have no application to petitioner's case. Accordingly, petitioner's motion for appointment of counsel will be denied without prejudice.[3]

For the reasons set forth above:

1.) Defendant's motion for the appointment of counsel in light of the Supreme Court's decision in *Hughes* (Doc. No. 412) is denied without prejudice; and

2.) The Clerk of the Court is directed to serve this order on the Office of the Defender.

IT IS SO ORDERED.

Dated: **April 9, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Out of an abundance of caution the court will direct the Clerk of the Court to serve this order on the Office of the Federal Defender, which represented petitioner in this case. If there is a different theory upon which petitioner may arguably be entitled to relief under 18 U.S.C. § 3582(c)(2), the court is confident that office will both contact petitioner and pursue such relief on his behalf.

3